FILED
2011 Nov-09 PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HATTIE MCGLOWN, as attorney-in-fact for DANIEL MCGLOWN, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 10-AR-2326-S |
| v. | } } | |
| CITY OF BIRMINGHAM, et al., | } } | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

For the several reasons articulated during the abortive pretrial conference held on this date, plaintiff [?] shall **on or before February 10, 2012,** amend the complaint so as to comply with the procedural requirements by which an incompetent person can complain to this court by and through a guardian, and to demonstrate that the said guardian has, after being lawfully appointed, employed counsel and has ratified and confirmed what present counsel have done in the above-entitled case.

Anticipating that a proper plaintiff will be timely substituted for the present defectively named plaintiff, the court finds that defendants' response to its earlier show cause order respecting conflict-of-interest, is not satisfactory, and does not solve the problem as it is seen by this court. Unless defendants, acting through present counsel, file a brief **on or before February 10, 2012,** that can satisfy this court that the City of Birmingham's ordinance and the Alabama Code provisions that provide for

representation and indemnity of municipal employees, absent wanton conduct, is valid and, despite the exclusionary language, indemnifies these two individual defendants, if they are found to have acted wantonly, the court will require (1) that the two individual defendants each be represented by separate counsel who are not paid by the City, or (2) that the individual defendants submit personally to the court's interrogation with respect to their understanding of and willingness to proceed with conflicted counsel and exposure to non-indemnity, or (3) that the City Council, by majority vote, pass an ordinance that indemnifies these particular individual defendants, despite the possibility that they are found to have acted wantonly.

    Meanwhile, the case is STAYED.

    DONE this 9th day of November, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE